BROOKFIELD et al. v. NOVELTY GLASS MFG. CO.

(Circuit Court, D. New Jersey. August 15, 1903.)

1. PATENTS—MANUFACTURE OF SCREW INSULATORS—VALIDITY—INFRINGEMENT.
   Claims 1, 2, 3, 6, 7 and 8 of patent No. 542,565, dated July 9, 1895, granted to Seraphin Kribs, assignor to William Brookfield, for "Improvements in Presses for Making Screw-Insulators," are valid and were infringed by the defendant.

2. SAME—CONSTRUCTION.
   Claim 1 of patent No. 532,973, dated January 22, 1895, granted to Seraphin Kribs, assignor to William Brookfield, for "Improvements in Screw Presses for Forming Insulators," is of a subsidiary nature and of narrow scope; and, in view of the prior art, if it can be sustained at all, must receive such a narrow construction as to negative the charge of infringement by the defendant.

(Syllabus by the Court.)

In Equity.

Kenyon & Kenyon, for complainants.

Walter H. Bacon and Charles M. Catlin, for defendants.

BRADFORD, District Judge. The bill in this case was filed by William Brookfield, a citizen of New York, against the Novelty Glass Manufacturing Company, a corporation of New Jersey, charging infringement of letters patent of the United States Nos. 542,565 and 532,973, and containing the usual prayers. Brookfield recently having died, the suit is prosecuted by his executrix and executors. Both patents were issued to Seraphin Kribs as assignor to Brookfield. Patent No. 542,565 was applied for July 5, 1894, bears date July 9, 1895, and is for "Improvements in Presses for Making Screw-Insulators". Patent No. 532,973 was applied for September 6, 1894, bears date January 22, 1895, and is for "Improvements in Screw-Presses for Forming Insulators". Patent No. 542,565 contains ten claims. The charge of infringement has been restricted to claims 1, 2, 3, 6, 7 and 8. They are as follows:

"1. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, and a movable mold adapted to travel from the actuating rod to the spindle substantially as described.

2. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a mold, and a movable support for the mold substantially as described.

3. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a mold, a movable support for the mold, and a lock for holding the support with the mold in operative position relatively to the actuating rod and spindle substantially as described.

6. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle, adapted to engage the screw plunger, and a movable mold adapted to travel from the actuating rod to the spindle, said actuating rod and spindle being independent of one another substantially as described.

7. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a movable mold adapted to travel from the actuating rod to the spindle, and independent actuating levers for the rod and the spindle respectively substantially as described.

8. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a mold, a movable support for the mold, and a standard for supporting the actuating rod and spindle and about which the support is movable substantially as described."

Infringement by the defendant of all the above quoted claims is admitted by its counsel either by stipulation or brief of argument. The question of liability for such infringement wholly turns on the validity or invalidity of those claims or one or more of them. This is the only issue as to patent No. 542,565. The defendant contends that the several claims of that patent in suit are void for the reason, as alleged, that one Charles J. Jordan, and not Kribs, was the true, original, sole and first inventor of the mechanism described and claimed, or, if Jordan was not the sole inventor, such mechanism was the joint invention of Kribs and Jordan or Kribs and one or more other persons in the employ of Brookfield at his glass factory in Brooklyn, New York; and for the further reason, as alleged, that the subject-matter of those claims had been anticipated or otherwise lacked patentable novelty; anticipation being urged as to some of the claims and the prior art as to the residue. The evidence hardly presents a question of priority of invention as between Kribs and Jordan or others employed by Brookfield at his glass factory. The seriously disputed point in this connection is to whom among Brookfield's employees the invention embodied in the claims in suit should be ascribed. On this point the evidence is conflicting and unsatisfactory. I shall not attempt to discuss it in detail. To do so would answer no useful end. On the evidence, oral and documentary, the point is by no means free from doubt. Kribs, however, received the patent; and the grant to him furnishes prima facie evidence that he was the first and sole inventor of the patented mechanism. Such a presumption is entitled to much weight in a doubtful case and, under the circumstances here disclosed, must prevail in favor of Kribs. The evidence contains many prior patents and other alleged anticipatory matter, but is, I think, insufficient to establish anticipation of any of the above quoted claims of patent No. 542,565. I have had some doubt as to the validity of these claims in view of the prior art. All of the elements entering into the mechanism covered by the several claims in suit were old and well known, and it has been a serious question whether the claims covered only mere aggregations of old elements, each performing, after assemblage, its old function, or, on the contrary, true combinations, though of old elements, producing new and useful results. But whatever doubt may inhere in this question must be resolved in favor of the complainants. The grant of the patent is prima facie evidence of the validity of its claims.

Aside, too, from that presumption, there are considerations which strongly tend to establish patentability in the subject-matter of the claims. The insulator press of the patent largely increased the production and improved the character and quality of glass insulators, at once met with great success and practically superseded the older methods of manufacturing those articles. The disputed claims of patent No. 542,565 must be sustained as valid.

The only claim of patent No. 532,973 in controversy is the first, which is as follows:

"1. A mold and a standard about which the mold is made movable, combined with supporting arms carried by the standard, a frame carried by the arms, a rotary spindle mounted in the frame, actuating gear wheels to one of which the spindle is feathered, an actuating wheel or handle for the gear wheels, a weighted lifting lever for the spindle, and a screw adapted to be inserted into the mold, said spindle and screw being respectively provided with engaging parts of a joint for enabling the spindle to detachably engage the screw substantially as described."

The defendant denies the validity of this claim and also its infringement. It is, admittedly, of a subsidiary nature and of narrow scope. The counsel for the complainants in referring in their brief to the character and object of patent No. 532,973, say:

"This patent is a narrow one and is addressed to a mere addition to or improvement upon the screwing device of the press of Patent No. 542,565. Its object is to make the work of withdrawing the screw from the insulator easier and more automatic to increase the production of the press."

In view of the prior art, if this claim can be sustained at all, it must receive such a narrow construction as to negative the charge of infringement.

Let a decree for the complainants be prepared in accordance with this opinion.