BROOKFIELD et al. v. NOVELTY GLASS MFG. CO.

(Circuit Court, D. New Jersey. September 16, 1904.)

1. PATENTS—SUIT FOR INFRINGEMENT—VIOLATION OF INJUNCTION.

Defendant cannot be adjudged guilty of contempt for violating an injunction against infringement of a patent because of the use of another patented machine which has not been adjudged to infringe, and where there is substantial doubt of its infringement.

2. SAME.

A defendant enjoined from infringement of a patent *held* guilty of contempt for violation of the injunction by using an infringing machine, but under circumstances which rendered the offense a merely technical one.

In Equity. Suit for infringement of a patent. On rule to show cause why attachment for contempt should not issue.

See 124 Fed. 551.

Kenyon & Kenyon and George W. Mills., Jr., for complainants. Walter H. Bacon and Thomas Mackenzie, for defendant.

LANNING, District Judge. This hearing comes before the court on the return of a rule to show cause why the defendant the Novelty Glass Manufacturing Company and its officers, Daniel M. Parker, Clement W. Shoemaker, Jonathan W. Parker, R. Elmer Shoemaker, and Thomas C. Duffield, should not be punished for contempt of court. The contempt alleged is the violation of an injunction issued in this cause on October 29, 1903, restraining the Novelty Glass Manufacturing Company, its successors and assigns, and each of its officers, servants, agents, attorneys, employés, and workmen, from any construction, sale, or use in any manner of the patented improvements in presses for making screw-insulators in violation of the rights of the complainants, or of presses for making screw-insulators embracing the improvements described in the complainants' patent.

The bill of complaint was filed in June, 1901. An opinion was rendered by Judge Bradford August 15, 1903. The complainants contend that the defendant company and its officers above named should be adjudged guilty of contempt because of their use, first, of a certain form of press which appears to have been patented by Thomas C. Duffield on March 24, 1903; and, second, of a modified form of the Duffield machine.

The proofs show that the Novelty Glass Manufacturing Company was incorporated in January, 1901, and that between the date of its incorporation and May 14, 1903, it used different forms of presses, one or more of which was the subject-matter of litigation in the case of Brookfield v. Novelty Glass Manufacturing Co. (C. C.) 124 Fed. 551. In that case the defendant did not deny that the machines it had been using embodied the principles described in the complainants' patent, and it set up as its only defense that the patent was invalid.

There is nothing in the proofs before me to show that the modified form of the Duffield machine was ever used at any time by the

Novelty Glass Manufacturing Company. In fact, that company closed its business and its property was sold under foreclosure on December 8, 1903; and the only proofs before me of the use of the modified form of the Duffield press are to the effect that that form was used, not by the Novelty Glass Manufacturing Company, but by the Elmer Glassworks, in the month of April, 1904.

The question as to whether the other machine—that is, the Duffield patented machine—is an infringement upon the complainants' patent, is now a subject-matter of litigation between the complainants in this case and the Elmer Glassworks. I cannot find the officers of the Novelty Glass Manufacturing Company guilty of contempt for the use of this machine, without, in effect, adjudging that it is an infringement upon the complainants' patent. I have just refused a preliminary injunction in the case between the complainants and the Elmer Glassworks (132 Fed. 312), for the reason that there is substantial doubt upon the question of such infringement. It therefore follows that none of the parties upon whom the rule to show cause in this case was served can be adjudged guilty of contempt for the use of the Duffield patented machine. California Paving Co. v. Moliter, 113 U. S. 610, 5 Sup. Ct. 618, 28 L. Ed. 1106.

As to the use of the modified form of the Duffield press, however, a different question is presented. Thomas C. Duffield was the general superintendent of the Novelty Glass Manufacturing Company. He is also the general superintendent of the Elmer Glassworks. In April, 1904, he had three machines of the Duffield patent in use in the factory of the Elmer Glassworks. At the request of the complainants in this case, their draftsman was permitted to come into the factory of the Elmer Glassworks and make sketches and plans of the Duffield patented machine. To facilitate his work, Thomas C. Duffield took one of the Duffield patented machines from service in the factory, to the end that the draftsman might have it before him in the performance of his work. While this machine was out of service for a period of two or three days, Thomas C. Duffield substituted for it in the service at the factory the modified form of the Duffield press, and, as soon as the complainants' draftsman had completed his work, the Duffield patented machine that the draftsman had been using was put in its former place, and the modified form of the press removed. So far as the proofs show, the modified form of press has not been used by the Elmer Glassworks at any other time. The modified form of press, I am satisfied, infringes the complainants' patent, but the circumstances under which it was used go far to mitigate the offense.

My conclusions are:

(1) That the rule to show cause must be discharged as against the defendant the Novelty Glass Manufacturing Company, for the reason that the use of the modified press was by the Elmer Glassworks, and not by the Novelty Glass Manufacturing Company.

(2) That it must be discharged as against Clement W. Shoemaker, inasmuch as it appears that he has never had any connection whatever with the Elmer Glassworks, nor with the use of the modified press.

(3) That it must be discharged against R. Elmer Shoemaker, in-

asmuch as it appears that he has never had any connection whatever with the Elmer Glassworks, nor with the use of the modified press.

(4) That it must be discharged as against Jonathan B. Parker, inasmuch as it appears that he has never had any connection whatever with the Elmer Glassworks, nor with the use of the modified press, and further because no copy of the rule to show cause has been served upon him; nor has he entered appearance herein.

(5) That it must be discharged as against Thomas C. Duffield, because no copy of the rule to show cause was ever served upon him, nor has he entered appearance herein.

(6) That Daniel M. Parker must be adjudged guilty of contempt. He, by his own statement, admits that, when the complainants' draftsman appeared at the factory of the Elmer Glassworks to make sketches of the Duffield patented machine, he did not want to lay off the men and boys who had been employed on the machine placed at the draftsman's service, and therefore caused the modified machine to be substituted for the Duffield patented machine. The circumstances under which this substituted service was had are such as to lead me to believe that the contempt is a merely technical one.

An order will be made discharging the rule as to all of the parties named in it except Daniel M. Parker. As to him, he will be adjudged guilty of contempt, and a fine of $1, with the complainants' costs of this application, will be imposed.