BROOKFIELD et al. v. ELMER GLASS WORKS.

(Circuit Court of Appeals, Third Circuit.  May 24, 1907.)

No. 4.

PATENTS—INFRINGEMENT—PRESS FOR MAKING SCREW INSULATORS.

The Kribs patent, No. 542,565, for a press for making screw insulators, *held* not infringed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 144 Fed. 418.

Robert N. Kenyon and Wm. H. Kenyon, for appellants.

Joseph C. Fraley, for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge.  This is an appeal from a decree in a patent suit (144 Fed. 418), in which the appellants were the complainants, and the appellee was the defendant.  The defendant was charged with infringement of patent No. 542,565, dated July 9, 1895, issued to Seraphin Kribs, assignor to William Brookfield, for a "press for making screw insulators."  The claims involved are as follows:

"2. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a mold, and a movable support for the mold substantially as described.

"3. An actuating rod provided with a detachable screw plunger, combined with a rotary spindle adapted to engage the screw plunger, a mold, a movable support for the mold, and a lock for holding the support with the mold in operative position relatively to the actuating rod and spindle substantially as described."

The single question raised by the assignment of errors is whether the press known in the case as "the first form of defendant's press" conflicts with these claims.  They need not be considered separately, or at length.  The added "lock" of the third claim is its only distinctive feature.  Apart from this, they are for the same combination of devices, all of which were old; and the defendant's press as a whole essentially differs from the organized machine of the patent.  It has screw plungers, it is true, but it has none which is, or need be, "detachable"; whereas, the plunger of the patented combination is both specified and required to be so.  This variance is obviously substantial, and the very able argument of the appellants' counsel has failed to convince us that it should be disregarded.  The meaning of the word "detachable" is not doubtful, and the record discloses nothing which, in our opinion, would warrant its effacement from these claims.

The decree of the Circuit Court is affirmed.