### BROOKFIELD et al. v. NOVELTY GLASS MFG. CO.

(Circuit Court, D. New Jersey. January 27, 1908.)

1. PATENTS (§ 286*)—INFRINGEMENT—DAMAGES RECOVERABLE.

Where the owner of a patent was not individually engaged in the manufacture or sale of the patented article, he cannot recover from an infringer as damages the profits of which a corporation licensee in which he was a stockholder was deprived by the infringement where such corporation is not a party to the suit, nor any part thereof, in the absence of proof of the terms of the license.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 453–456; Dec. Dig. § 286.*]

2. PATENTS (§ 318*)—INFRINGEMENT—PROFITS RECOVERABLE.

Where the claims of a patent infringed are for a combination of old elements, the invention consisting in the combination, the infringer is liable for all of the profits made by the use of such combination.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

3. PATENTS (§ 318*)—INFRINGEMENT—PROFITS RECOVERABLE.

The profits recoverable from the user of an infringing machine include all of the profits made upon the product of such machine, where the infringer could have made no profits by the use of any other machine then known and open to his use.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

4. PATENTS (§ 318*)—INFRINGEMENT—PROFITS RECOVERABLE.

That the profits made by an infringer were in part the result of an alleged unlawful agreement between competing manufacturers to maintain prices, to which agreement a corporation in which the owner of the patent is a stockholder was a party, does not lessen the liability of such infringer for the profits made by his infringment.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 566–576; Dec. Dig. § 318.*]

In Equity. On exceptions to master's report.

For opinion sustaining the patent and finding infringement, see 124 Fed. 551.

Robert N. Kenyon and George W. Mills, Jr., for complainants.
Joseph C. Fraley and Walter H. Bacon, for defendant.

LANNING, District Judge. The bill of complaint in this case was filed in 1901 by William Brookfield as sole complainant. By it he alleged that he was the sole owner of two patents, Nos. 542,565 and 532,973, for improvements in presses for making glass insulators for telegraph poles, etc., capable of conjoint use and actually conjointly used by him in one and the same machine, and that they were also so used by the defendant company in infringement of his rights. There was the usual prayer for an injunction and an accounting. On the hearing upon pleadings and proofs, Brookfield having died and his executors having been substituted as complainants, an interlocutory decree was entered adjudging the defendant an infringer of claims 1, 2, 3, 6, 7, and 8 of patent No. 542,565, but not of any of the claims of patent No. 532,973, and referring the cause to a master to take and report an account of the defendant's profits and the complainant's damages. The master now reports the profits at the sum of $29,910.48, and the damages at the sum of $54,701.08.

The exceptions present several important questions. In the first place, it appears that Brookfield permitted the Brookfield Glass Company—a corporation having outstanding 1,500 shares of its capital stock, of which Brookfield owned 1,370, and his three sons the remaining 130 shares—to use his patented presses, and that he never individually used them in any business whatsoever. In ascertaining the amount of damages sustained by Brookfield, the master has proceeded on the theory that they are fixed by the profits which the Brookfield Glass Company would have made except for the defendant's infringement. But it is impossible to ascertain what part of those profits Brookfield would have been entitled to, for the reason that the proofs are silent concerning the nature of the agreement between Brookfield and the Brookfield Glass Company. The presumption is that the Brookfield Glass Company had no corporate power to enter into a copartnership with Brookfield, and therefore the case of Yale Lock Manufacturing Co. v. Sargent, 117 U. S. 536, 6 Sup. Ct. 934, 29 L. Ed. 954, which held that Sargent was entitled to recover all damages which his copartnership had sustained by the infringement of his patent, while he might be liable on an accounting in a suit by his copartner against him, is not applicable. That the complainants are entitled to recover what damages it is legally shown Brookfield sustained, is clear; but the profits which the Brookfield Glass Company might have made if there had been no infringement by the defendant, in the absence of any proof of the contractual relation between Brookfield and the Brookfield Glass Company, is too uncertain a basis on which to make an award of damages to Brookfield's executors. In determining the amount of Brookfield's damages, the question is, what did he lose? not, what did the Brookfield Glass Company lose? Brookfield was not at any time during the

period of the infringement in a position to supply the market with any insulators whatever. Individually, he was not in the business of manufacturing or selling insulators. If he sustained any loss, it was not the direct and proximate result of the infringement, but his failure to receive from the Brookfield Glass Company, as one of its stockholders, or under some contract with that company, as large a sum by way of dividends, royalties, or otherwise as he would have received except for the defendant's competition with the Brookfield Glass Company. If the Brookfield Glass Company was Brookfield's exclusive licensee, either under a written or an oral license, and that company had been joined in the bill of complaint as a co-complainant with Brookfield, the profits lost by the company by reason of the unlawful competition of the defendant might probably have been recovered for the benefit of the company, and thereby Brookfield might have been indirectly benefited. If, on the other hand, the company was not Brookfield's exclusive licensee, it sustained no damage whatever. In any aspect of the case, therefore, the present attempt to fix the damages sustained by Brookfield as the whole, or even any part, of the profits which the Brookfield Glass Company would have made if there had been no infringement, must fail. Furthermore, as Brookfield was not engaged, individually, either in the manufacture or sale of insulators, as he had no manufacturing plant, and was not in a position to supply the market with any insulators whatever, he had no business which was interfered with by the defendant's infringement. At most, therefore, his damages were only nominal.

Exceptions 14, 15, 16, 17, 18, 19, and 24, all relating to the question of damages, are sustained, and no part of the sum of $54,701.08, reported by the master as the damages sustained by Brookfield, is allowable.

This brings us to the consideration of the question concerning the profits made by the defendant, which the master reports at the sum of $29,910.48. The defendants' counsel argue, in their brief, that, if the complainants are entitled to recover any profits whatever, it is not the whole amount realized as profits from the defendant's glass manufacturing business, but only the benefit or advantage contributed to that business by the use of that fraction of the machinery which was covered by claims 1, 2, 3, 6, 7, and 8 of the patent. Each of these claims, however, is for a combination. In considering the claims, Judge Bradford, in the opinion on which the interlocutory decree was entered ([C. C.] 124 Fed. 552), declared that all the elements of the combinations mentioned therein are old, but he sustained the claims as valid combinations. When claims 2 and 3 of the same patent were before me, in Brookfield v. Elmer Glass Works (C. C.) 144 Fed. 418, I also held the elements of the combinations in those two claims to be old, as did the Circuit Court of Appeals in 154 Fed. 197, 83 C. C. A. 180. The elements thus combined constitute the whole machine. The patent does not cover a combination which constitutes a mere part of the machine. Consequently, if there be no other valid objection, the complainants are entitled to recover all the profits realized by the defendant by the use of its machines, because these ma-

chines were composed of nothing but the elements entering into the patented combination.

It is said, however, that, as the defendant might have lawfully adopted one of the old methods of manufacturing insulators, the complainants are entitled to recover only that part of the defendant's profits which was over and above what they could have made by adopting one of those old methods. But there is evidence to the effect that the patented combination (known as the "Kribs Press") is so far superior to any press which preceded it, both in the quantity and quality of its production, that successful competition by the use of any of the old presses was utterly impossible. Judge Bradford, in his opinion above referred to, says:

"The insulator press of the patent largely increased the production and improved the character and quality of glass insulators, at once met with great success, and practically superseded the older methods of manufacturing those articles."

The master, too, reaches the conclusion, on the proofs before him, that the defendant could have made no profits by the use of any of the old methods of manufacture. At the present time, and during the period of the accounting in this case, insulators were and are successfully made by the use of the Duffield press, but that press was not in use. and apparently not devised or invented, until about March 1, 1903. The master has allowed to the complainants no profits made by the defendant after February 28, 1903, and he has correctly based the accounting on a period ending on that date. The complainants are entitled to recover all the profits actually made by the defendant up to and including February 28, 1903. This conclusion disposes of exceptions 1, 2, 3, 4, 5, 6, and 7, all which must be overruled.

The master reports the defendant's profits at the sum of $29,910.48. He has refused to allow the following items of expense, which refusal is the subject-matter of exceptions 8, 9, 10, 11, and 12:

For traveling expenses...........................................$   496 46
For discount and interest........................................ 1,060 73
For interest on bonds............................................ 2,505 00
For salaries..................................................... 18,680 00
For legal expenses............................................... 2,685 67

The defendant has offered no explanatory evidence concerning these items. The books of the defendant fail to show, in any satisfactory manner, that they were expenses incurred in the production or sale of insulators. It is fair to infer that the "legal expenses" were in connection with the litigation in this cause. The "traveling expenses" may have been incurred in connection with the same litigation. The "interest on bonds" may relate, at least in part, to interest paid on bonds issued by the defendant in payment for a patent. The "salaries" were enormously increased about June 1, 1902, were paid only to the four officers and stockholders of the defendant company, and were doubtless intended as the defendant company's method of distributing profits. The "discount and interest" may have been paid on loans to the defendant, but, if so, it is not probable that any loans would have been necessary if the salaries had been kept down to reasonable

170 F.—53

figures. In the absence of explanatory evidence by the defendant, exceptions 8, 9, 10, 11, and 12 must therefore be overruled.

It is further contended by the defendant's counsel that a certain agreement entered into by the Brookfield Glass Company, the Hemingray Company, and C. S. Knowles, dated April 21, 1901, to maintain prices of insulators, was in violation of the Sherman anti-trust act; that the profits made by the defendant company were, at least in part, the fruit of the alleged unlawful agreement; and that the complainants, as representatives of Brookfield, cannot recover in equity any part of such fruit. The defendant has embodied, in exceptions 20, 21, and 22, a statement that Brookfield himself was also a party to this agreement. The proofs, however, do not support the statement. Although Brookfield was very probably the dominating spirit in the Brookfield Glass Company, the parties to the agreement were the Brookfield Glass Company, the Hemingray Company, and C. S. Knowles. None of the parties to that agreement is before this court. No such defense is set up in the answer to Brookfield's bill. Exceptions 20, 21, and 22 should therefore be overruled.

What has been said disposes, also, of exceptions 13 and 23, in each of which objection is made to the recovery of any of the defendant's profits. These exceptions are overruled.

A final decree will be entered in accordance with these views.