DRY HAND MOP CO., Inc., v. SQUEEZ-EZY MOP CO., Inc.*

(Circuit Court of Appeals, Fifth Circuit. February 17, 1927.)

No. 4893.

1. Patents ☞243(1)—To constitute infringement of combination patent, infringer must have used every ingredient of combination.

To constitute infringement of combination, patent infringer must be shown to have used every ingredient of combination, since omission of any one element prevents infringement.

2. Patents ☞245(1)—Patentee cannot claim equivalency, based on element abandoned at request of patent office.

Patentee cannot claim equivalency, based on element that he has been required by patent office to abandon in order to secure patent.

3. Patents ☞245(1)—Voluntary relinquishment of element gives public right to use it as against claim of equivalency.

Voluntary relinquishment of element gives public right to use it in substitution as against any claim of equivalency.

4. Patents ☞238—Claims are not infringed by structures omitting self-imposed restrictions therein.

Claims containing self-imposed limitations are not infringed by structures which omit such self-imposed restrictions.

5. Patents ☞328—1,426,084, for mop with drying device, held not infringed.

Patent No. 1,426,084, for a mop with a drying device, by which water could be wrung from mop without wetting operator's hands, held not infringed.

6. Patents ☞328—1,427,478, for mop head having detachable handle, held not infringed.

Patent No. 1,427,478, for a mop head into which a detachable handle could be inserted and withdrawn, held not infringed.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Benjamin C. Dawkins, Judge.

Patent infringement suit by the Dry Hand Mop Company, Inc., against the Squeez-Ezy Mop Company, Inc. Decree dismissing the bill, and plaintiff appeals. Affirmed.

Hiddleston Kenner, of New Orleans, La., for appellant.

Dymond & Levy and W. Catesby Jones, all of New Orleans, La., for appellee.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This was a bill in equity for the alleged infringement of two patents, issued to plaintiff's assignor, Kenner, and which the defendant (appellee

*Rehearing denied March 30, 1927.

in this court) is charged with having infringed. The defendant conceded the validity of both of the plaintiff's patents, but denies the infringement of either. The District Court sustained the patents, but held that the defendant's mop did not infringe plaintiff's patents, and dismissed the bill for that reason, and plaintiff appeals from the decree of dismissal.

The question of infringement requires separate treatment as to each patent. Patent numbered 1,426,084 was for a mop with a drying device, by which the water could be wrung from the mop without wetting the hands of the operator. Patent numbered 1,427,478 was for a mop head, into which by means of a ferrule a detachable handle could be inserted and withdrawn; the mop head being the subject of separate sale from the handle.

[1] Patent numbered 1,426,084 contained six claims. It was a combination patent; none of the six claims being new. Its novelty, if any, was altogether in the combination. The law is conceded by counsel to be that, to constitute infringement of such a patent, the infringer must be shown to have used every ingredient of the combination. An omission of any one element prevents infringement. Central Foundry Co. v. Coughlin (C. C. A.) 141 F. 91; Dunbar v. Meyers, 94 U. S. 187, 24 L. Ed. 34; Roberts v. Nail Co. (C. C.) 53 F. 916. Defendant's contention is that his device omits one or more elements of all the six claims of this patent. The element claimed by it to have been omitted from claims 1, 2, 3, and 4 is that in its device the strands constituting the mop head are brought together over the end of the mop handle, and not beyond it, as is the requirement of the four mentioned claims of this patent. These claims require the bringing together of the strands beyond the end of the handle.

The answer of the plaintiff to the defendant's contention as to this omitted element is two-fold. In the first place, the plaintiff asserts that in the defendant's mop, as well as in the plaintiff's, the strands are brought together beyond the end of the mop handle, and not over it; and, in the second place, that the bringing of the strands together over the end of the handle is the equivalent of a bringing of them together beyond the end of the handle. The defendant replies that in its mop the strands are brought together over, but not beyond the end of, the handle, and that the doctrine of equivalents is not applicable to this case, because the

Patent Office, before issuing the patent to plaintiff's assignor, required him to abandon the element of a bringing together of the strands over the end of the handle, and to substitute therefor a bringing together of the strands beyond the end of the handle, and the plaintiff's assignor acquiesced in this requirement, and by so doing secured his patent. The difference between the two methods affects the utility of the cushion formed by the covering over the end of the handle, as it comes in contact with the floor surface when in use. The joining together of the strands beyond the handle end was considered an improvement over a covering of the handle end in immediate contact with it.

[2, 3] The patentee cannot claim equivalency based upon an element that he has been required by the Patent Office to abandon in order to secure his patent, though otherwise he might rely upon it. Roemer v. Peddie, 132 U. S. 317, 10 S. Ct. 98, 33 L. Ed. 382; Phœnix Caster Co. v. Spiegel, 133 U. S. 368, 10 S. Ct. 409, 33 L. Ed. 663; Diamond Manufacturing Co. v. Dallas Brass & Copper Co. (C. C. A.) 295 F. 250. The voluntary relinquishment of the element gives the public the right to use it in substitution as against any claim of equivalency. In this case, the Patent Office objected to the original claim, numbered 1, in its use of the word "over," instead of "beyond," because it was included in the prior art as represented by two domestic patents, theretofore issued to Mullin and to Fisher, respectively, and a Danish patent, issued to Hansen. We think the evidence of the experts, as contained in the record, and defendant's device itself, show that the defendant's mop has the loops of the strand brought together "over," as distinguished from "beyond," the ends of the handle.

[4] The record also shows clearly that plaintiff's assignor was required to, and did in fact, at the behest of the Patent Office, change his first claim by substituting "beyond" for "over" in that claim, and that he voluntarily carried the same change into claims 2, 3, and 4. Claims containing self-imposed limitations are not infringed by structures which omit the self-imposed restrictions. Keystone Bridge Co. v. Phœnix Iron Co., 95 U. S. 274, 24 L. Ed. 344; Burns v. Meyer, 100 U. S. 671, 25 L. Ed. 738; White v. Dunbar, 119 U. S. 47, 7 S. Ct. 72, 30 L. Ed. 303; Morse Chain Co. v. Link Belt Co. (C. C. A.) 189 F. 584; Thacher v. Transit Construction Co. (D. C.) 228 F. 905. Affirmed Id. (C. C. A.) 234 F.

640. The patentee, and plaintiff, his assignee, are precluded from invoking the principle of equivalency as against defendant's use of a cushion formed by bringing the loops of the strand together over the end of the mop handle.

[5] Claim 5 of this patent contains this element: "A mop head formed of separate strands of fibrous material arranged in adjacent relation around said handle, the end portions of said strands being fastened to said handle and hand grip." Claim 6 contains this element: "A mop head formed of separate loose strands having loops of fibrous material arranged in adjacent relation around the said handle, the lights and ends of said strands being fastened to said handle and hand grip, respectively." The two claims contain as one of their elements separate strands; in the former claim, without loops on either end; in the latter claim, with loops attached to the end of the handle and free ends at the hand grip. The Examiner criticized these claims as not conforming to the disclosure, upon the ground that the mop material being formed of loops precluded the idea of free ends, to which criticism plaintiff's assignor replied that "the term 'loops' has been used constantly to indicate a length of yarn bent back upon itself to bring the two ends together, as indicated at 16. In the drawing these ends are not parts of continuous yarn, but are the ends of separate pieces."

The mop head of defendant is admittedly composed of one continuous strand of yarn, looped to form the mop head. It thus appears that the plaintiff's assignor in his claims 5 and 6 is limited to separate strands with free ends at one or both ends, and has precluded himself from claiming a continuous strand as the equivalent in function and manner of performance, by having expedited the issuance of his patent by satisfying the criticism of the Examiner by expressly disclaiming that his device covered a single continuous strand. We construe all six claims of this patent as limiting the plaintiff to a construction of separate strands, as distinguished from a single continuous strand looped so as to form the mop head. In view of the small amount of novelty in the patent over the prior art in mop devices, and of the patentee's expressed disclaimer of a single continuous strand, though the difference in function between the single continuous and separate plural strands seems unimportant, we think the plaintiff is not in a position to contend that defendant's mop head does not thereby omit a factor of plaintiff's combination. As to all the claims of patent 1,426,084, we think it sufficiently appears that defendant's device omits an element of plaintiff's combination and does not merely substitute a permissible equivalent.

[6] In patent 1,427,478 there are five claims. Detachable mop handles were not new in the mop industry or art when this patent was issued. The only novelty existing in the patent was in the means adopted to prevent circumferential slipping of the covering around the ferrule, when the mop was being wrung out. The prior art contained means for preventing such slipping. Fischer's patent accomplished it by a screw in the ferrule, and Hill's patent by a pin through the ferrule. Some of the claims of plaintiff's patent claim for means to prevent slipping generally. When reference is made to the state of the prior art, it is clear that such claims would be void, if interpreted, without relation to specific means. Claim 1 describes the means specifically as "longitudinal rib"; claim 4, as "a rib on the ferrule"; claim 5, as "an interrupted rib on the ferrule."

We construe the remaining claims as restricted to like means. The patent is valid only so far as it improved upon the then prior art in mop heads, and this was only to the extent of providing a new means for preventing circumferential slipping in the mop material, when the mop was being wrung out. The specific means were ribs on the ferrule, longitudinal or interrupted. The patented device could be infringed only by a construction that used the same means or their identical equivalent. The defendant's device used prongs or hooks punched through the ferrule to prevent the slipping. In view of the evidence in the record and the opinions of the experts, we do not think that defendant's prongs and hooks were the longitudinal or interrupted ribs of the plaintiff's assignor or identical therewith. Considering the narrow scope of the patent, that it must be limited to particular means of preventing slipping by the use of ribs, and the fact that defendant does not use ribs, but uses prongs or hooks on its mop head, the defendant's device did not come into collision with the plaintiff's patent.

No infringement of either patent having been shown by the plaintiff, the decree of the District Court, dismissing the bill, is affirmed.