## NICHOLAS v. E. W. BROWN CO.

District Court, D. Maine, S. D. January 24, 1929.

No. 1149.

Frederic J. Laughlin and Charles E. Gurney, both of Portland, Me., for plaintiff.

Ellis Spear, Jr., of Boston, Mass., and Stephen W. Hughes, of Portland, Me., for defendant.

PETERS, District Judge. This is a suit at law to recover damages for the infringement of plaintiff's patent No. 1,492,178, an apparatus for use in the canning industry. The defense is invalidity of the patent, based upon nonpatentability, and noninfringement.

I have not considered the first defense, because the presumption of validity accompanying the patent, and the fact that the apparatus described has been apparently recognized by the trade as a valuable and important new contrivance in the packing business, are sufficient to overcome the suggestion of invalidity made by the defendant, but not greatly urged.

The defense of noninfringement is more important, and in my opinion must prevail.

This is a combination patent in which there are three elements, a conveyor for feed-ing loaded trays of fish to packing stations located at intervals along the side of the apparatus, a refuse conveyor at a lower level, and a means for delivering waste from the bed of the feeding conveyor to the refuse conveyor on the lower level. In the second claim of the patent this means of delivering waste from the path of the feeding conveyor to the refuse conveyor on the lower level is described as consisting of chutes which run from the feeding table to the refuse conveyor.

The packing stations above referred to consist of tables at intervals along the side of the conveyor apparatus at which the operatives stand, take the fish from trays running by them on the feeding conveyor, place them in cans which the operatives take from a second level of the conveyor as it passes them, place the fish in the cans, and scrape the refuse down a hole in the operating table, where it is carried by a chute into the refuse conveyor.

In the claims originally filed by the plaintiff, this packing or operating table with a conveyor for bringing the fish to the operator, the refuse conveyor, and "chutes for delivering refuse from the tables to the refuse conveyor," all in combination, were described in claim 6, but this claim was rejected by the Patent Office in view of a previous patent to Thomas, and abandoned by the plaintiff. By agreement of counsel I have examined the apparatus of the defendant, alleged to be an infringement, and an apparatus installed by the plaintiff which he says typifies his invention. It is apparent, both from the evidence and from an inspection of these apparatus, that they are practically alike, except in the matter of delivering the refuse from the bed or path of the feeding conveyor down to the refuse conveyor at the lower level. In the patent as described, and in the apparatus typifying the patent, this waste is carried by chutes running from apertures at intervals in the conveyor bed above, outside of the various levels of the conveyor, down to the refuse conveyor at the low level. In the defendant's apparatus there is no such arrangement at all. The chutes are entirely lacking; the angle iron at the side of the conveyor bed is raised an inch and a half so that the refuse from that bed in which runs the feeding conveyor can be swept out, and it is in practice swept onto the floor. It may be that some of this refuse in being swept out falls on the packing tables and thence finds its way down the chutes leading from that table to the refuse conveyor, but this is incidental only, as the waste is swept

indiscriminately on the floor or wherever it may fall.

It is urged by the plaintiff that the raising of this lip on the side of the feeding conveyor, leaving an aperture all along the side through which waste can be swept, together with the opportunity of sweeping it towards central points and thence onto the packing tables, by which it could be sent down the packing table chute to the refuse conveyor, constitute "means located at intervals along the path of the loaded trays for delivering refuse from said path to the refuse conveyor." It is not done so in practice, but doubtless could be done with sufficient effort, but if done would simply be using the chute from the packing table to the refuse conveyor, which chute is no part of the patent, having been eliminated by the Patent Office.

In other words, the "means" in the defendant's apparatus for delivering refuse to the refuse conveyor is simply means for delivering refuse from the conveyor table onto the floor, from which it cannot find its way into the refuse conveyor (except by being shoveled up and placed in); with a possible opportunity by scraping the refuse in the conveyor bed into central points and then sweeping it onto the packing tables to be carried thence into the refuse conveyor. But, if done in this cumbersome way, it would be outside of this patent.

■ This being a combination patent, its combined elements in every ingredient must have been used by the defendants to sustain the charge of infringement. Dry Hand Mop Co. v. Squeez-Ezy Mop Co. (C. C. A.) 17 F.(2d) 465. As stated in Walker on Patents: "Omission of one element or ingredient of a combination covered by any claim of a patent averts any charge of infringement based on that claim, whether or not the omitted ingredient was essential to the combination of the patent, and whether or not it was necessary to the operativeness of the machine."

■■ It is true, of course, that in the case of the withdrawal of one ingredient in a patented combination and the substitution of another, if the ingredient substituted performs substantially the same function, such a substitution cannot avoid the charge of infringement; but here the plaintiff claims equivalency based upon an element that he has been required by the Patent Office to abandon in order to secure his patent. This he cannot do. Smith v. American Electric Rabbit Racing Association (D. C.) 21 F.(2d) 366, at page 370, and cases cited.

The plaintiff must show that the defendant's substitution of another device for his method of carrying refuse from one level to another performs substantially the same function in substantially the same way as the omitted element, in order to maintain his charge of infringement.

It is perfectly clear that the arrangement of the defendant, viz., elevating one side of the conveyor bed for the sweeping out of refuse on the floor, is very far from performing the same function as chutes at intervals carrying all the refuse from the conveyor bed to the refuse conveyor, and that the same result is not achieved at all, because in the plaintiff's apparatus the waste is delivered from the conveyor bed into the refuse conveyor, and in the defendant's apparatus it is delivered from the conveyor bed onto the floor in actual operation, with simply a possibility by manual labor of gathering it and placing it on the packing tables and delivering it thence from the chute to the refuse conveyor, of which latter operation the plaintiff is precluded from having any monopoly.

It follows that the defendant's apparatus lacks one element of the plaintiff's invention, and that there is no substitution of an equivalent element, as equivalency is regarded in the law.

Judgment should be rendered for the defendant, with costs.