**Enrique MORENO–ORTIZ,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 415, Docket 92–2355.**

United States Court of Appeals,
Second Circuit.

Submitted Dec. 3, 1992.

Decided Jan. 4, 1993.

Enrique Moreno–Ortiz, pro se.

Andrew J. Maloney, U.S. Atty. for the E.D. of New York, Brooklyn, NY (Peter A. Norling, Patricia A. Pileggi, Asst. U.S. Attys. for the E.D. of New York, Brooklyn, NY, of counsel), for respondent-appellee.

Before: LUMBARD, WINTER and MAHONEY, Circuit Judges.

WINTER, Circuit Judge:

Enrique Moreno–Ortiz appeals from Chief Judge Platt's denial of his motion to

reconsider the court's February 22, 1992 order denying his habeas corpus petition pursuant to 28 U.S.C. § 2255 (1988). Moreno–Ortiz argues that there is new evidence that he was improperly deprived of the exculpatory testimony of a potential defense witness through prosecutorial intimidation.

Moreno–Ortiz was convicted, in a multi-defendant trial, on forty-eight counts of conspiracy to import and distribute cocaine. The conviction was affirmed on appeal. *United States v. Pinto*, 850 F.2d 927 (2d Cir.), *cert. denied*, 488 U.S. 867, 109 S.Ct. 174, 102 L.Ed.2d 143 *and cert. denied*, 488 U.S. 932, 109 S.Ct. 323, 102 L.Ed.2d 341 (1988). At trial, Moreno–Ortiz and his codefendants requested that two federal inmates be produced as defense witnesses. The inmates had been previously convicted for conspiracy to possess cocaine while allegedly working for the defendants. One inmate, Gildardo Mecolta, was interviewed by federal agents at the direction of an Assistant United States Attorney ("AUSA") without his counsel present. The codefendants, including Moreno–Ortiz, moved for a mistrial, alleging that the AUSA's conduct violated their due process rights. *See id.* at 931.

At the hearing on the motion, Mecolta refused to testify concerning the substance of the interview, invoking his Fifth Amendment right against self-incrimination. Although defense counsel moved for an order compelling the prosecution to grant Mecolta immunity, the district court refused. The agents testified that they interviewed Mecolta at the AUSA's direction to determine what his trial testimony would reveal, and that Mecolta was "relaxed" and "unconcerned" during the interview. *Id.* at 931. The district court found that there was no prosecutorial intimidation and denied the mistrial motion.

On appeal, Moreno–Ortiz argued that he was denied the exculpatory testimony of a primary defense witness because of prosecutorial overreaching. *See Pinto*, 850 F.2d at 932. We affirmed, holding that the district judge's determination that Mecolta was not persuaded from testifying by intimidation was supported by the evidence, and that the loss of Mecolta's testimony was harmless error because it would not have altered the trial outcome. *See id.* at 932–33. We did, however, note our "dismay [at] the prosecutorial tactics involved." *Id.* at 933.

Moreno–Ortiz argues that he possesses new evidence of prosecutorial overreaching. Mecolta, now living in Colombia, has provided an affidavit to Moreno–Ortiz. It states that the federal agents told him at the interview that he was an "unindicted coconspirator" whose name could "easily" be added to the indictment and that they would seek a sentence reduction if Mecolta refused to aid the defense. Mecolta's affidavit further states that he felt intimidated and feared retaliation if he testified. According to the affidavit, but for the intimidation, Mecolta would have testified that fifty kilograms of the cocaine seized was not connected to the cocaine that was the basis for the conspiracy charges against Moreno–Ortiz. Finally, the affidavit states that Mecolta is willing to testify to these facts now, but only if he is granted immunity.[1]

■ Moreno–Ortiz argues that the affidavit is new evidence demonstrating that his Sixth Amendment right to compulsory process was violated. "First, 'new evidence' in § 2255 proceedings ... is evidence that is discovered after the original hearing, and which could not, with due diligence of counsel, have been discovered sooner." *Giacalone v. United States*, 739 F.2d 40, 43 (2d Cir.1984). In addition to being "new," the evidence must be "material, not cumulative, and ... probably lead to an acquittal." *United States v. Alessi*, 638

---

1. Moreno–Ortiz's demand for immunity seemingly encompasses more than immunity from prosecution for past crimes. It includes immunity from "civil ... process," which, if taken literally, might require legislation. It also includes a right to a dismissal of criminal charges based on future crimes (or perjury in his affidavit) if the prosecutor brought the charges to retaliate against him for his returning to testify on Moreno–Ortiz's behalf. Taken literally, the right to a dismissal exists even if Mecolta is guilty of the crimes. We will assume, however, that Mecolta desires only the traditional immunity from prosecution for past crimes.

F.2d 466, 479 (2d Cir.1980). We review the denial of a motion to reconsider a judgment for an abuse of discretion. *See Branum v. Clark,* 927 F.2d 698, 704 (2d Cir.1991).

Although Mecolta's affidavit must be taken as true for purposes of determining whether a hearing on the Section 2255 motion is required, *see Machibroda v. United States,* 368 U.S. 487, 496, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962), unless Mecolta is available to testify in person at the hearing, relief cannot be granted. Once Mecolta's affidavit is deprived of the assumption of truth that shields it at the motion stage, as it would be at a hearing, it has no credible weight. Mecolta had "nothing to lose" in signing the affidavit, *see United States v. Castano,* 756 F.Supp. 820, 824 (S.D.N.Y.1991), and he is, while in Colombia, not subject to cross-examination. The affidavit is thus a legally insufficient basis for collateral relief, and there is no point in holding a hearing unless Mecolta appears to testify in person.

Accordingly, unless a basis for compelling the government to grant Mecolta immunity to testify at the hearing can be established, there is no new evidence justifying relief. Whether there are "extraordinary circumstances warranting a directive that the government grant immunity to a defense witness in the interest of fundamental fairness" is governed by three factors: (1) the existence of prosecutorial overreaching forcing the witness to invoke the Fifth Amendment; (2) the materiality, exculpatory nature, and non-cumulative character of the witness's testimony; and (3) other means by which the defendant can obtain the evidence. *Blissett v. Lefevre,* 924 F.2d 434, 442 (2d Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 158, 116 L.Ed.2d 123 (1991); *see also Pinto,* 850 F.2d at 935; *United States v. Turkish,* 623 F.2d 769, 777 (2d Cir.1980) (stating that the Due Process Clause does not mandate "that defense witness immunity must be ordered whenever it seems fair to grant it"), *cert. denied,* 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981). In the instant matter, the grant of immunity is sought to prove the first prong. Moreno–Ortiz thus asks us to grant immunity in order to hear Mecolta's testimony for the purpose of determining whether Mecolta should be granted immunity. We see no reason to do so when there is no evidence of prosecutorial overreaching other than the statement in Mecolta's affidavit. For the reasons stated above that affidavit has no evidentiary weight.

We affirm.