UNITED STATES of America, Plaintiff-Appellee,

v.

William Arrington WALKER, Defendant-Appellant.

No. 71–3064

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 3, 1972.

Jasper B. Roberts (Retained Counsel), L. H. Walden, Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

* ▮ Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409 (5th Cir., 1970).

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

Appellant was tried and convicted of five counts of the substantive offense of forgery of United States Postal Money Orders, in violation of 18 U.S.C. § 500. He raises two points of error on appeal:

1. Did the court err in permitting on the prosecution's motion the consolidation for trial of the case against appellant with that of an alleged accomplice?

2. Did the court err in requiring the jury to enter a verdict of guilty or not guilty as to each count of the indictment against him?

▉ The record reveals that appellant was indicted for the forgery of five stolen money orders and that the alleged accomplice, one Sanford by name, was indicted for uttering the very same stolen and forged money orders. At issue under appellant's first point of appeal is whether the grand jury could have returned a single indictment against both Walker and Sanford. Appellant argues that the offense of forgery and the offense of uttering the forgery are similar, but are not identical offenses. Therefore, he argues that Rule 8(a), F.R.Crim.P., would have made a joint indictment impermissible. He concludes this argument with the logical jump that since joint indictment would be inappropriate, a joint trial of separate indictments was also inappropriate. An inherent fallacy plagues this argument and is apparent upon a reading of Rule 8, F.R.Crim.P. Rule 8 provides:

> *"Rule 8. Joinder of Offenses and of Defendants*
>
> *"(a) Joinder of Offenses.* Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
>
> *"(b) Joinder of Defendants.* Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."

As can be seen from this record, the offense of forging five money orders and the offense of passing the same five money orders were part of a connected scheme or plan to obtain specie for worthless paper. Neither the joinder of offenses nor of defendants was improper.

As Judge Ainsworth, speaking for the court in Tillman v. United States, 406 F.2d 930 (5th Cir., 1969), noted: "Misjoinder under Rule 8 of the Federal Rules of Criminal Procedure is a matter of law, completely reviewable on appeal. Conversely . . . prejudicial joinder under Rule 14 is a matter within the discretion of the trial judge, which only will be examined for abuse."

▉▉ A reading of the record on appeal reveals that counsel for appellant objected to joinder of defendant Sanford prior to trial. His opposition to joinder was based upon a claim that Walker's and Sanford's defenses were inconsistent. The record, however, does not reveal that the claimed inconsistencies ever materialized. *A fortiori* an opposed motion to consolidate trial of indictments which could have been made parts of a single indictment should be considered as a defense motion for severance under Rule 14, F.R.Crim.P. Moeller v. United States, 378 F.2d 14 (5th Cir., 1967). Rule 14 posits that a severance is appropriate when joinder of offenses or defendants will prejudice a defendant. But whether a defendant is prejudiced by joinder varies from case to case. Initially, a determination of

prejudice has been vested to the sound discretion of the trial judge. On appeal the defendant seeking to overturn denial of severance must bear a heavy burden. He must demonstrate specific prejudice which resulted from a denial of the severance. See 8 Moore Federal Practice, ¶ 14.02 [1] (2nd Ed.1968). Appellant here has not met this burden.

 Appellant's second argument would have this court reverse his conviction because the trial court instructed the jury, which had returned a verdict to only one count of a five count indictment, to reconsider its verdict and to return verdicts on all counts. We disagree with the appellant's contention that the court's supplemental instruction sending the jury back to reconsider its verdict constituted a directed verdict of guilty or deprived him of the leniency of the jury.[1] The juror's faithful adherence to the trial court's general instructions and the requirements of Rule 31, F.R.Crim. P. required a verdict on each count of the indictment. See Wright, 2 Fed. Pract. & Proc., § 514, at note 44. We perceive no error in the court's supplemental instruction.

The judgment is affirmed.

---

1. See Wright, 2 Fed.Pract. & Proc., § 514.