**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur Leroy MIDDLETON, Defendant-Appellant.**

**No. 71–3351**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 24, 1972.

Theodore Klein, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Kenneth G. Oertel, Miami, Fla., for plaintiff-appellee.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F. 2d 409, Part I.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Middleton appeals from a judgment of conviction following a joint trial with two codefendants resulting in a jury finding him guilty of conspiracy and transportation in interstate commerce of a stolen vehicle in violation of 18 U.S.C. § 2312. Two issues are raised on appeal. Appellant contends that three certain remarks made by the Trial Court were prejudicial and secondly that the exchange of Jencks Act (18 U.S.C. § 3500) material was improperly made in the presence of the jury. We find no merit to appellant's contentions.

Two of the remarks of the Trial Judge alleged to be objectionable need no discussion, as one was made in a bench conference, out of the hearing of the jury, and the other was addressed to counsel for a codefendant in regard to the presentation of his own case and is not remotely connected with appellant or his attorney. Moreover we are not persuaded that the remarks were prejudicial *per se*. The remaining comment was made after the Government rested its case. The Trial Judge at that time said, "Now, the defense will need to collaborate, no doubt, as to what course they are going to pursue." On objection by counsel for one of the codefendants, the Judge informed the jury that "nobody needs to collaborate with anybody." We find the remark innocuous and are not convinced that the jury ascribed an adverse connotation to the term "collaborate" or attributed to it any meaning other than its usual, primary meaning, that is, "to work jointly." See Webster's New International Dictionary (3d ed.) At the conclusion of all the evidence the Trial Judge properly cautioned the jury to disregard any comments by him which might be suggestive of his views in regard to the outcome of the case. See Kyle v. United States, 5 Cir., 1968, 402 F.2d 443. We do not believe the comments by the Trial Judge adversely influenced the jury or deprived the defendant of his right to a fair trial. To the contrary, the record as a whole demonstrates that the Court acted with the impartiality required. Herman v. United States, 5 Cir., 1961, 289 F.2d 362; Kyle v. United States, *supra*; Beatty v. United States, 5 Cir., 1967, 377 F.2d 181.

Appellant's second contention is likewise without merit. We have held that the question of whether or not the procedure for the production of Jencks Act statements should take place in the presence of the jury is a matter of judicial discretion. Beaudine v. United States, 5 Cir., 1969, 414 F.2d 397. See also United States v. Nielsen, 7 Cir., 1968, 392 F.2d 849. There is nothing in the record to indicate that the Trial Court abused its discretion in this respect.

Affirmed.