**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lawrence Alfred SMITH, and Robert N. Murray, Defendants-Appellants.**

No. 71–3535

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 5, 1972.

Rehearing Denied July 3, 1972.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.

Theodore F. Schwartz, Clayton, Mo., Murry L. Randall, St. Louis, Mo., for Smith.

William A. Harmening (Court Appointed), Orlando, Fla., for Murray.

John L. Briggs, U. S. Atty., Jacksonville, Fla., Robert A. Leventhal, Orlando, Fla., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The appellants, Murray, Smith, defendants in the court below, and one other were charged by indictment in each of seven counts of violation of the mail fraud statute, 18 U.S.C. § 1341. Murray was found guilty by verdicts of the jury of the offenses charged in counts 1, 2, 3, 4, 5 and 7, and Smith was so convicted by jury verdict of the offense charged in count 6 only. Murray, the record discloses, ran an organization called Ven-Da Distributors, Inc., which advertised and solicited investments from individuals in the ownership and operation of vending machines. Upon a mail or telephonic inquiry to Ven-Da, a local representative would be dispatched to visit the prospect and obtain a contract and down payment for the purchase of several vending machines. The contract included establishment of a source of supply of the product or filler to be sold in the machines. The down payments, and in some instances full payments, were funneled to Murray. Smith was one of several who visited prospects and collected the investments. No vending machines were delivered, nor were prepayments refunded.

Appellants Murray and Smith upon appeal raise several evidentiary and procedural issues, which after close examination we find to be meritless [1] and of which pretermit further discussion under our Local Rule 21.[2]

Two issues are worthy of elaboration. Smith argues that his conviction must be reversed because the petit jury had a copy of the grand jury's indictment in the jury room while it deliberated. A jury's possession of a copy of the indictment is not error per se, Bruce v. United States, 351 F.2d 318 (5th Cir., 1965). Nor is it error if the jury has been properly instructed that an indictment is not evidence and the district judge, in the exercise of his discretion, has screened out the inflammatorily worded indictment. United States v. Green, 433 F.2d 946 (5th Cir., 1970); United States v. Todaro, 448 F.2d 64 (3rd Cir., 1971); Bruce v. United States, supra. Compare United States v. Brown and Hayes, 451 F.2d 1231 (5th Cir., 1971).

Appellants both urge that the district judge exceeded the bounds of fairness and prejudiced their trial by his comments. A close review of the comments, their circumstances and context, United States v. Middleton, 458 F.2d 482 (5th Cir., 1972); United States v. Bursten, 395 F.2d 976 (5th Cir., 1969), reveals that appellants received a full and fair

---

1. e. g., denial of severance without prejudice shown. F.R.Crim.P., Rule 8. See United States v. Walker, 456 F.2d 1037 (5th Cir. 1972) ; United States v. Levrie, 445 F.2d 429 (5th Cir., 1971) ; Ellman v. United States, 406 F.2d 930 (5th Cir., 1969).

2. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

trial and that the court acted with the impartiality required. *Middleton, supra;* Herman v. United States, 289 F.2d 362 (5th Cir., 1961).

The judgments of the district court are affirmed.