UNITED STATES of America

v.

Eugene BAYNES, a/k/a Bo, et al.

Appeal of Russell BARNES.

No. 75–1308.

United States Court of Appeals, Third Circuit.

Feb. 1, 1977.

As Modified Feb. 14, 1977.

---

6. The consolidation of larceny and embezzlement under a single statutory heading has not created the same difficulties as the consolidation of theft offenses with the more distinct

crime of receiving stolen property. *See, e. g., United States v. Trzcinski,* 546 F.2d 544 (3d Cir. 1976).

Joel Harvey Slomsky, Philadelphia, Pa., for appellant.

Michael W. Farrell, Atty., Dept. of Justice, T. George Gilinsky, Washington, D. C., for appellee.

Before VAN DUSEN, BIGGS and ALDISERT, Circuit Judges.

PER CURIAM.

■ Russell Barnes has petitioned for rehearing in this case. On this appeal, the petitioner's conviction for multiple counts of a single indictment was affirmed by judgment order. In the petition for rehearing, the petitioner contends that our affirmance by judgment order without an opinion constituted a denial of due process of law.[1] Because no previous opinion of this court has discussed the use of judgment orders to affirm the judgments of the district courts, we will briefly discuss the authority for the use of this procedure in determining this appeal.

■ The judgment order was filed under the terms of F.R.A.P. 36 and the Third Circuit Internal Operating Procedures, § D–1. Rule 36 provides:

"ENTRY OF JUDGMENT

---

1. These and other issues raised by Barnes in his petition for rehearing were fully and carefully considered and rejected by this court in determining this appeal by its judgment order of December 23, 1976:

(1) It is clear that there was sufficient evidence to find that the defendant was a co-conspirator in the sales of controlled substances. As a co-conspirator the jury could find him liable for acts done in furtherance of the conspiracy or as aiding and abetting in the offenses charged. See N.T. 3018–3056.

(2) The trial record does not show that Barnes' counsel requested the court's permission to listen to an original tape because it contained crucial exculpatory evidence of "voice inflections and speech patterns." If such a request was made, its refusal by the court was not error where it is undisputed that the Government made all of the work copies of the taped conversations and all of the transcripts of such conversations available to the defendants prior to trial and no question of discrepancy between tape and transcript was raised prior to trial. Also, no request to be permitted to hear the original sealed tapes was made prior to trial and adequate opportunity for cross-examination was given. See *United States v. Chiarizio*, 525 F.2d 289, 293 (2d Cir. 1975).

It is also noted that the court had pointed out to all counsel for appellants (Nos. 75–1308, 75–1351, 75–1410, 75–1435, 75–1439, 75–1581) in the Clerk's letter of November 1, 1976, that it had no jurisdiction to consider a district court order denying a motion for new trial on the ground of after-discovered evidence where such order was entered after the filing of all the above-listed appeals.

"The notation of a judgment in the docket constitutes entry of the judgment. The clerk shall prepare, sign and enter the judgment following receipt of the opinion of the court unless the opinion directs settlement of the form of the judgment, in which event the clerk shall prepare, sign and enter the judgment following final settlement by the court. *If a judgment is rendered without an opinion,* the clerk shall prepare, sign and enter the judgment following instruction from the court. The clerk shall, on the date judgment is entered, mail to all parties a copy of the opinion, if any, or of the judgment if no opinion was written, and notice of the date of entry of the judgment."

(Emphasis supplied.)

Section D–1 provides in pertinent part:

"A case may be terminated in this Court by a judgment order:

"1. *Panel unanimity.* (a) When the panel unanimously determines that a judgment of the district court or a decision of the United States Tax Court or a decision or order of an administrative agency should be affirmed or enforced and that this Court's decision has no precedential or institutional value; and (b) any one or more of the following circumstances exist and is dispositive of a matter submitted for decision:

"(1) That a judgment of the district court is based on findings of fact which are not clearly erroneous;

"(2) That sufficient evidence supports a jury verdict;

· · · · ·

"(6) That the appeal is a criminal case that does not require, for this Court, (a) a new interpretation of a federal statute, a Federal Rule of Criminal Procedure, or a rule or statute in evidence, or (b) a new interpretation of a rule of constitutional law applicable to criminal cases or a new rule of practice or procedure."

**2.** See also *United States v. Smith*, 460 F.2d 1323, 1324 (5th Cir. 1972); *Isbell Enterprises v.*

The issues raised by the defendant in his direct appeal were found to meet the above criteria after a careful evaluation of the contentions raised and the record. The Supreme Court has approved the practice of using judgment orders with this language in *Taylor v. McKeithen*, 407 U.S. 191, 194 at note 4, 92 S.Ct. 1980, 1982, 32 L.Ed.2d 648 (1972):

"We of course, agree that the courts of appeals should have wide latitude in their decisions of whether or how to write opinions. That is especially true with respect to summary affirmances. See Rule 21, Court of Appeals for the Fifth Circuit."

This procedure has been approved by the United States Court of Appeals for the Fifth Circuit in *NLRB v. Amalgamated Clothing Workers of America*, 430 F.2d 966, 971–72 (5th Cir. 1970),[2] where Chief Judge Brown used this language:

". . . our experience, bearing out that of appellate courts generally, is convincing that in a number of cases there is no real need for an opinion at all. Where in a given case that is the considered judicial judgment of three Judges comprising a panel, then it is perfectly obvious that the now limited and precious judicial resources can be husbanded by a procedure which eliminates that unnecessary opinion.

"Experience again demonstrates that cases in which an opinion really serves no useful purpose falls into several well recognized groups. . . . Closely akin and for the jury trial is factor (2) where the Court concludes the evidence warranted jury submission. After the masterly opinion written for the full Court by Judge Ainsworth in *Boeing Co. v. Shipman*, 5 Cir., 1969, 411 F.2d 365 (en banc), there is seldom any need for discussion of the legal standard. And in many cases the law receives no benefit from any discussion of the evidence which the Court concludes is sufficient. . . . Factor

*Citizens Casualty Co. of New York*, 431 F.2d 409, 413–14 (5th Cir. 1970).

(4) covers that broad group of cases in which no error of law appears.

"As the Rule points out, its application depends upon the Court determining judicially 'that any one or more of the following circumstances [(1) through (4)] exists and is dispositive * * * '. But of decisive significance in each of these factors, singly or collectively, is the further judicial determination by the Court 'that an opinion would have no precedential value'."

This court fully agrees with this wording used by Chief Judge Brown at 973:

"The Court itself must be vigilant. We believe we are sensitive now to the factors which would make application of the Rule wrong or unwise or inappropriate. It is the Court's purpose to heed them and in our own survival assure survival of the system we cherish."

See *Coppedge v. United States*, 369 U.S. 438, 448, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Section 3.4, Standards Relating to Criminal Appeals, ABA Project on Minimum Standards For Criminal Justice;[3] Haworth, Screening and Summary Procedures in The United States Court of Appeals, 1973 Washington University Law Quarterly 257, 271–74, 287–88; Carrington, Crowded Dockets and The Courts of Appeals: The Threat To The Function of Review and The National Law, 82 Harv.L.Rev. 542, 560 (1969), where the author states:

". . . in most criminal matters and prisoner petitions there is seldom much to be said that will be of interest in the future, and many of the cases are frivolous."

The petition for rehearing will be denied.

---

**3.** At pages 91–92, the Commentary includes this language:

"The time that elapses between the institution of an appeal and decision is a cause for growing concern. . . . Greater utilization of short opinions or per curiam orders was cited as a method of preventing long post-argument delay."