**Robert Bruce FURMAN, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 1420, Docket 83–2065.**

United States Court of Appeals, Second Circuit.

Submitted June 14, 1983.

Decided Oct. 17, 1983.

Jacob D. Zeldes, Bridgeport, Conn. (Miriam Berkman, Zeldes, Needle & Cooper, Bridgeport, Conn., on brief), for appellant.

Nancy Lukingbeal, Asst. U.S. Atty., Hartford, Conn. (Alan H. Nevas, U.S. Atty., D. Conn., Hartford, Conn., on brief), for appellee.

Before FRIENDLY, KEARSE, and CARDAMONE, Circuit Judges.

PER CURIAM:

Appellant Robert Bruce Furman, a federal prisoner, appeals from an order of the United States District Court for the District of Connecticut, T.F. Gilroy Daly, *Chief Judge,* denying his petition pursuant to 28 U.S.C. § 2255 (1976) to vacate his prior conviction of kidnaping, in violation of 18 U.S.C. § 1201 (1976). The petition contended principally that prior to Furman's conviction, the district court had erred in denying his motions to suppress certain evidence. The district court denied the petition on the ground that these contentions had been raised and decided adversely to Furman on his direct appeal from his conviction, as reflected by a summary order of affirmance by this Court entered on January 21, 1981. On this appeal Furman contends that he was entitled to full collateral review under § 2255 because this Court's affirmance of his conviction was by summary order, rather than by published opinion, and thus denied him adequate appellate review. We find this contention without

merit and we affirm the order of the district court.

The premise underlying Furman's appeal is that the parties' contentions on appeal have been given inadequate consideration whenever the appellate court's decision was not accompanied by a written and published opinion. The premise has no sound basis in law or in fact.

[1, 2] There is no requirement in law that a federal appellate court's decision be accompanied by a written opinion. A defendant in a criminal case has no constitutional right to appeal. The existence of his right to appeal and the parameters of that right find their roots in statutes and rules. *See, e.g., Coppedge v. United States,* 369 U.S. 438, 447, 82 S.Ct. 917, 922, 8 L.Ed.2d 21 (1962); *id.* at 455, 82 S.Ct. at 926 (Stewart, J., concurring); *Carroll v. United States,* 354 U.S. 394, 400–01 & n. 9, 77 S.Ct. 1332, 1336 & n. 9, 1 L.Ed.2d 1442 (1957); *McKane v. Durston,* 153 U.S. 684, 687–88, 14 S.Ct. 913, 914–15, 38 L.Ed. 867 (1894); *United States v. Sanges,* 144 U.S. 310, 319, 12 S.Ct. 609, 612, 36 L.Ed. 445 (1892); *United States v. More,* 7 U.S. (3 Cranch) 159, 172, 2 L.Ed. 397 (1805). Congress has provided that the Supreme Court may prescribe rules of practice and procedure for criminal cases in the United States courts of appeals. 18 U.S.C. § 3772 (1976). Rule 36 of the Federal Rules of Appellate Procedure, adopted pursuant in part to 18 U.S.C. § 3772, expressly contemplates that some appeals will be decided without an opinion. That rule provides, in pertinent part, as follows:

> The notation of a judgment in the docket constitutes entry of the judgment. . . . If a judgment is rendered without an opinion, the clerk shall prepare, sign and enter the judgment following instruction from the court. The clerk shall, on the date judgment is entered, mail to all parties a copy of the opinion, if any, or of the judgment if no opinion was written, and notice of the date of entry of the judgment.

Not surprisingly, given its adoption of Appellate Rule 36, the Supreme Court has seen no legal impediment to an appellate court's decision of an appeal without opinion. *See*

*Taylor v. McKeithen,* 407 U.S. 191, 194 n. 4, 92 S.Ct. 1980, 1982 n. 4, 32 L.Ed.2d 648 (1972) ("[T]he courts of appeals should have wide latitude in their decisions of whether or how to write opinions. That is especially true with respect to summary affirmances."); *id.* at 195–96, 92 S.Ct. at 1982–83 (Rehnquist, J., dissenting); *Lego v. Twomey,* 404 U.S. 477, 482 n. 6, 92 S.Ct. 619, 623 n. 6, 30 L.Ed.2d 618 (1972) (reviewing court of appeals' summary affirmance without comment on its summary nature). *Accord United States v. Baynes,* 548 F.2d 481 (3d Cir.1977); *NLRB v. Amalgamated Clothing Workers of America,* 430 F.2d 966 (5th Cir. 1970).

■ Congress has also provided that the circuit courts of appeals may prescribe rules for the conduct of their own business, consistent with Acts of Congress and the rules of practice and procedure established by the Supreme Court. 28 U.S.C. § 2071 (1976). Pursuant to this provision, and consistent with other statutes and applicable rules, this Circuit has adopted a rule, Local Rule 0.23, that permits cases meeting certain criteria to be decided without written opinion. The rule was adopted in 1973 following a request to all Circuits by the Judicial Conference of the United States that limited-publication plans be developed to reduce the unnecessary proliferation of published opinions.[1] In its present form Local Rule 0.23 provides as follows:

> The demands of an expanding caseload require the court to be ever conscious of the need to utilize judicial time effectively. Accordingly, in those cases in which decision is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by a written opinion, disposition will be made in open court or by summary order.

Where a decision is rendered from the bench, the court may deliver a brief oral statement, the record of which is available to counsel upon request and payment of transcription charges. Where disposition is by summary order, the court may append a brief written statement to that order. Since these statements do not constitute formal opinions of the court and are unreported and not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court.

Although summary orders are not to be cited or otherwise used in unrelated cases,[2] they are nonetheless public documents. Copies are sent to counsel for the parties to the appeal and the order is filed in the office of the clerk of the court where it is available for inspection by the public and the press.

■ The fact that a disposition is by informal summary order rather than by formal published opinion in no way indicates that less than adequate consideration has been given to the claims raised in the appeal. Rule 0.23 contemplates that prior to the decision to proceed by summary order the panel will have considered the parties' claims, evaluated them in light of existing precedent, reached a unanimous decision as to the proper outcome of the appeal, and concluded unanimously that a formal written opinion on the issues raised would not enhance existing jurisprudence. When the panel has reached this conclusion, it issues a summary order which usually contains, unless the appeal is entirely frivolous, a statement as to the rationale for the ruling on the appeal. Such statements range from a one-sentence adoption of the ruling of the district court to a several-page, item-by-item listing of the appellant's contentions

---

1. Other federal courts of appeals also have adopted limited-publication rules. *See* D.C. Cir.R. 8(f) & 13(c); 1st Cir.R. 14; 3d Cir. Internal Operating Procedures, Ch. 5F1; 4th Cir.R. 18; 5th Cir.R. 21; 6th Cir.R. 24; 7th Cir.R. 35; 8th Cir.R. 14; 9th Cir.R. 21; 10th Cir.R. 17; 11th Cir.R. 25; and Fed.Cir.R. 18(a).

2. Local Rule 0.23 has been criticized by some bar groups which urge principally that the no-

citation provision of the rule be modified to permit a litigant in an unrelated case to cite a summary order to the court, so long as he has furnished a copy of it to the other parties to the litigation. *See, e.g., 2 Bar Panels Ask Change In Second Circuit Court Rule,* N.Y.L.J., May 20, 1983, 1 at col. 2. The no-citation aspect of the rule is not material to this appeal and we do not here address this subject.

and the panel's reasons for their rejection. In Furman's case, for example, the order of summary affirmance was five pages long and discussed eleven of Furman's contentions.

■ In each case, the Court's ruling is issued after due consideration of the merits of the appeal, and the judgment entered determines, either explicitly or implicitly, all issues raised in the appeal. The judgment is binding on the parties, and a conviction thus affirmed is not, except in circumstances not pertinent here, subject to collateral attack on any ground raised in the direct appeal from the conviction.

Now, even more than in 1973 when Rule 0.23 was adopted, there are compelling reasons for the use of summary dispositions in appropriate cases. A great many cases do not present any new or significant issue for which there are not ample precedents already in the published reports. Many lawyers and judges complain that they do not have enough time to read the opinions now being produced and published each week, without the addition of a new flood of opinions that serve no jurisprudential purpose. Moreover, the preparation of formal opinions in all cases would place a substantial, counterproductive burden on the court. The use of summary orders permits judges to devote more time to the remaining cases that truly merit fully developed exercises of judicial craftsmanship.

■ All of Furman's contentions in his § 2255 petition had been raised in his direct appeal and were rejected by this Court in its summary order. The district court thus properly denied Furman's motion to vacate his conviction.

The order of the district court is affirmed.