Gerald Rayford WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–84–0742–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 21, 1985.

Mike DeGeurin, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Calvin A. Hartmann and Jim Peacock, Harris Co. Asst. Dist. Attys., Houston, for appellee.

248

Before JACK SMITH, DUGGAN and HOYT, JJ.

## OPINION

JACK SMITH, Justice.

Appellant was indicted for murder, but the jury found him guilty of involuntary manslaughter. The jury assessed his punishment at 10 years confinement. Appellant contends that the trial court erred in making an affirmative finding of the use of a deadly weapon during the commission of the offense and in requiring defense counsel, over objection, to request, receive, and read "Gaskin Rule" material in the presence of the jury after the State's witnesses had testified.

An affirmative finding that a deadly weapon was used or exhibited during the commission of an offense affects the time when the offender may be eligible for parole. Tex.Code Crim.P.Ann. art. 42.12, sec. 15(b) (Vernon 1979).

The judgment states, "[A]nd the Court further found that a deadly weapon, to-wit, a pistol was used during the commission of this offense." Appellant contends that this court should reform the judgment to delete this finding, because (1) the statute requires an express finding, (2) the jury was the trier of fact, and (3) the jury made no express finding as described in *Polk v. State,* 693 S.W.2d 391 (Tex.Crim.App.1985).

*Polk* instructs us:

Where the jury is the trier of fact, the trial court may not properly enter that they have made an affirmative finding concerning the defendant's use or exhibition of a deadly weapon or firearm during the commission of the offense unless:

1) the deadly weapon or firearm has been *specifically* pled *as such* (using the nomenclature "deadly weapon") in the indictment (Applies where the verdict reads "guilty as charged in the indictment.") See [*Barecky v. State,* 639 S.W.2d 943 (Tex.Crim.App.1982) ];

2) where not specifically pled in "1)" above as a deadly weapon or firearm,

the weapon pled is per se a deadly weapon or a firearm; or,

3) a special issue is submitted and answered affirmatively.

*Polk,* 693 S.W.2d at 396 (footnote omitted).

The first situation listed in *Polk* does not apply in the present case, because the indictment does not use the words "deadly weapon." Likewise, the third situation is not applicable because no special issue on the use of a deadly weapon was submitted at either the guilt or the punishment stage.

The second situation listed in *Polk* applies when an indictment pleads the use of a weapon that is per se a deadly weapon. The present indictment alleged that appellant used a "pistol." A pistol is a deadly weapon per se. *Polk,* 693 S.W.2d at 394. But, *Polk's* second situation applies, as does the first situation, only when a defendant is found guilty "as charged in the indictment." *Id.* The jury did not find appellant guilty as charged in the indictment. Therefore, the second situation also does not apply in the present case.

An express finding being required, we may not look to the facts of the case to permit an implied affirmative finding. *Polk,* 693 S.W.2d at 396. *Polk* did not deal with a case like the present case, in which use of a per se deadly weapon was charged in the indictment, but the defendant was found guilty of a lesser included offense, not "as charged in the indictment."

In the present case, the trial court charged the jury, "[I]f you find from the evidence beyond a reasonable doubt that ... Gerald Rayford Williams, did recklessly cause the death of Kathern Ellen Williams by shooting Kathern Ellen Williams with a *pistol,* then you will find the defendant guilty of involuntary manslaughter." (Emphasis added.)

The verdict said, "We, the jury, find the defendant, Gerald Rayford Williams, guilty of involuntary manslaughter." This verdict is an express, not an implied, finding that appellant used a pistol in the commission of the offense. Because a pistol is per se a deadly weapon, this finding fulfills the

requirements of *Polk*, even though it does not fit precisely any of the three instances described in *Polk*.

■ The judgment does, however, require reformation, because the trial court improperly ascribed the affirmative finding of use of a deadly weapon to the court. Because the jury determined appellant's guilt and punishment, the wording in the judgment must indicate that the jury made the finding. *Polk*, 693 S.W.2d at 394–95. To this extent, appellant's first ground of error is sustained. Otherwise, appellant's first ground of error is overruled.

In grounds of error two through five, appellant contends the trial court erred in requiring defense counsel, over objection, to request, receive, and read "Gaskin Rule" material in the presence of the jury.

Presiding Judge Onion of the Texas Court of Criminal Appeals explained the "Gaskin Rule" as follows:

> Under the "Gaskin Rule" where a witness for the State has made a report or has given a statement prior to testifying, the defendant, after a timely motion or request, is entitled to inspect and use such prior and available report or statement for cross-examination and impeachment purposes, and this right obtains even though the witness has not used the instrument to refresh his memory.
>
> If the "Gaskin Rule" comes into play, it is error for the trial judge to fail to require production of a prior and available statement or report of the witness, though the error may be harmless error. The harmfulness of the error is dependent upon whether an examination of the statement by the appellate court demonstrates that the defendant should have been allowed the statement for the purpose of cross-examination and possible impeachment. Error, of course, will result if the defendant is denied the opportunity to have made available the statement or report for the appellate record in order that injury, if any, may be shown.

*Howard v. State*, 505 S.W.2d 306, 309 (Tex. Crim.App.1974) (citations omitted).

Appellant cites several United States Courts of Appeals decisions for his proposition that "Gaskin Rule" material should be requested, received, and examined outside the presence of the jury. The cited cases deal with the Jencks Act, 18 U.S.C. sec. 3500 (1983), which is similar to the "Gaskin Rule." Except for the District of Columbia, the federal appeals courts have declined to make a hard and fast procedural rule requiring the absence of the jury during the request and production of Jencks Act material. *See Beaudine v. United States*, 414 F.2d 397, 401–03 (5th Cir.1969), *cert. denied*, 397 U.S. 987, 90 S.Ct. 1116, 25 L.Ed.2d 395 (1970); *Gregory v. United States*, 369 F.2d 185, 191 (D.C.Cir.1966). "[W]hether or not the procedure for the production of Jencks Act statements should take place in the presence of the jury is a matter of judicial discretion." *United States v. Middleton*, 458 F.2d 482, 483 (5th Cir.), *cert. denied*, 409 U.S. 863, 93 S.Ct. 153, 34 L.Ed.2d 110 (1972).

Appellant complains of the method of producing the prior written statements of three police officers and one other witness. The record reflects that a fourth police officer was the first witness to testify. After the first officer testified, and before the other officers testified, appellant's counsel approached the bench and requested the court to require reports prepared by subsequent witnesses to be tendered outside the presence of the jury. This request was denied. Two of the officers who later testified, Officers Horowitz and Lott, had prepared offense reports, which were handed to the appellant's counsel. The third officer, Officer Magan, had prepared no written report. The other witness, C.B. Vaught, had made no written statement, but the State passed to defense counsel an offense report reflecting an interview with Mr. Vaught.

The appellant contends that to require him to ask for "Gaskin Rule" material in the presence of the jury serves to bolster the witness' testimony. Appellant does not complain that the prosecutor refused to produce any prior statements, but only of

the manner in which the production took place.

The appellant asserts that he was forced to ask for this material in the presence of the jury. The record does not support this assertion. The record reflects that the prosecutor had offered to hand the offense reports to appellant's counsel, without a request, prior to cross-examination of each witness. This offer was refused by appellant's counsel. The prosecutor also stated to the court that he had an "open file policy."

Officer Magan had not prepared an offense report, so the "Gaskin Rule" is not applicable to his testimony. The reports of Officers· Horowitz and Lott were made available to appellant in compliance with the "Gaskin Rule." The prior oral statement of Mr. Vaught was likewise made available. We find no violation of the "Gaskin Rule."

■ We find no basis for appellant's complaint that the procedure followed by the trial court forced him to request, receive, and read, in the presence of the jury, the material he desired from the prosecutor's file. There is no rule in Texas that requires production of "Gaskin Rule" material outside the presence of the jury. We disagree with appellant's contention that the manner in which the prosecutor offered to pass the material or the manner in which the material was actually passed was bolstering. We also disagree with appellant's suggestion that a jury should be removed from the courtroom each time the State passes a witness to the defendant, if the witness has made a prior written or taped statement. Such a procedure would be burdensome, time consuming, unnecessary, and would afford the defendant no greater rights.

■ It is possible, as the appellant suggests, that the manner in which "Gaskin Rule" material is made available to defense counsel could be improved. But this is a matter for the legislature or the Court of Criminal Appeals to address. Under existing procedural rules, a trial court is given broad discretion to fashion procedure for the use of such material.

■ We hold that the trial court did not abuse its discretion in the manner in which it permitted "Gaskin Rule" material to be produced. Appellant's second through fifth grounds of error are overruled.

The judgment is reformed to reflect that the jury found that a deadly weapon was used during the commission of the offense. As reformed, the judgment is affirmed.