Richard **PITRE**, Petitioner,

v.

**UNITED STATES of America, Respondent.**

93 Civ. 3052 (JES).

United States District Court, S.D. New York.

Oct. 25, 1993.

Richard Pitre, pro se.

Mary Jo White, U.S. Atty., S.D.N.Y., New York City (Elizabeth Glazer, Asst. U.S. Atty., of counsel), for respondent.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Petitioner *pro se* in the above-captioned action brings this 28 U.S.C. § 2255 petition to modify his sentence on the ground that the Court erroneously enhanced his sentencing guidelines offense level by four points pursuant to United States Sentencing Guidelines § 3B1.1(a), after finding that he was "an organizer or leader of a criminal activity that involved five or more participants." For the reasons that follow, the petition is dismissed.

## BACKGROUND

Indictment 89 Cr. 575 was filed on August 3, 1989, in three counts. Count One, the only count in which Pitre and his three co-defendants, Edwyn and Joseph Pitre, and Angel Otero, were named, charged that from May 15, 1989 through July 13, 1989, the defendants, together with three others, of whom all pled guilty before trial, conspired to distribute and possess with intent to distribute approximately 4.9 kilograms of heroin, in violation of 21 U.S.C. § 846. On June 19, 1990, Richard Pitre and his three co-defendants were convicted of conspiring to possess with intent to distribute 4.9 kilograms of heroin after a six-day jury trial before the Honorable Nicholas Tsoucalas.[1]

On September 20, 1990, Judge Tsoucalas sentenced Edwyn Pitre to 144 months in prison, and Joseph Pitre and Angel Otero to 120 months in prison, each term of imprisonment to be followed by five years of supervised release. Richard Pitre was sentenced on September 24, 1990 to 293 months in prison, also to be followed by five years of supervised release.

Richard Pitre appealed from the judgment of conviction and his sentence arguing, *inter alia,* that the District Court erroneously concluded that he was an organizer or leader of a criminal activity involving five or more participants, and that his sentence should therefore be enhanced by four levels. On March 30, 1992, the Court of Appeals rejected all his claims, including the challenge to his sentence, and affirmed the conviction. *United States v. Pitre,* 960 F.2d 1112, 1126–27 (2d Cir.1992).

On May 7, 1993, Richard Pitre filed a § 2255 petition to modify his sentence. In his petition, he raises the same issue of improper enhancement that the Court of Appeals specifically rejected on appeal.

## DISCUSSION

It is settled that "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton v. United States,* 791 F.2d 265, 267 (2d Cir.1986); *see also United States v.*

*Jones,* 918 F.2d 9, 10 (2d Cir.1990); *Giacalone v. United States,* 739 F.2d 40, 42 (2d Cir.1984).

The Court of Appeals has rejected as meritless the very claim that Richard Pitre makes here. The Court held that the district court was not clearly erroneous in finding that Richard Pitre was an organizer or leader of criminal activity that involved five or more participants because the trial testimony had shown Richard Pitre had, *inter alia,* "conducted the negotiations regarding price, quantity, and location of the July 13, 1989 transaction." *See Pitre,* 960 F.2d at 1126. Furthermore, the Court of Appeals held that in light of the district court's finding, its enhancement of Richard Pitre's sentencing offense level by four levels was proper pursuant to the U.S. Sent. Guidelines § 3B1.1(a).

Having been unsuccessful in his attack on the district court's finding for purposes of a sentence enhancement on direct appeal, Richard Pitre cannot renew his challenge in a collateral § 2255 petition now. Therefore, his petition must be dismissed.

## CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**

---

1. Judge of the United States Court of International Trade, sitting by designation.