**Edwin PITRE, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**Nos. 92 Civ. 9476 (JES), 89 Cr. 575 (NT).**

United States District Court,
S.D. New York.

Jan. 20, 1995.

Edwin Pitre, petitioner pro se.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City (Elizabeth Glazer, Asst. U.S. Atty., of counsel), for respondent.

**MEMORANDUM OPINION
AND ORDER**

SPRIZZO, District Judge.

Edwin Pitre, acting *pro se*, brings the above-captioned petition pursuant to 28 U.S.C. § 2255 to modify his sentence.[1] Pitre

---

**1.** In the United States Court of Appeals decision and at the criminal trial, petitioner *pro se*'s name was spelled as "Edwyn;" in the present action, petitioner *pro se* uses the spelling "Edwin" in his filings.

argues that he was merely present during the course of the criminal activity proved at trial, that the similar act evidence introduced at trial was fabricated by the cooperating witness, and that the sentencing judge erroneously denied his request for a three point reduction in offense level for his minimal role in the offense. For the reasons that follow, the petition is dismissed.

## BACKGROUND

Indictment 89 Cr. 575 was filed in three counts on August 3, 1989. Count One, the only count in which Pitre and his three co-defendants, Richard and Joseph Pitre and Angel Otero, were named, charged that from May 15, 1989 through July 13, 1989, the defendants, together with three others who all pled guilty before trial, conspired to distribute and possess with intent to distribute approximately 4.9 kilograms of heroin, in violation of 21 U.S.C. § 846. On June 19, 1990, Edwin Pitre and his three co-defendants were convicted of conspiring to possess with intent to distribute 4.9 kilograms of heroin after a six day jury trial before the Honorable Nicholas Tsoucalas.[2]

On September 20, 1990, Judge Tsoucalas sentenced Edwin Pitre to 144 months in prison, and Joseph Pitre and Angel Otero to 120 months in prison, each term of imprisonment to be followed by five years of supervised release. Richard Pitre was sentenced on September 24, 1990 to 293 months in prison, also to be followed by five years of supervised release.

Edwin Pitre appealed from the judgment of conviction and his sentence. He argued, *inter alia*, that the evidence merely established that he was present at the drug transaction, and was therefore insufficient to convict him, that the District Court erred in admitting similar act evidence, and that the Court erred in denying him a three or four level reduction in offense level for the minimal role he played in the offense. On March 30, 1992, the Court of Appeals rejected all his claims, including the challenge to his sentence, and affirmed the conviction. *United States v. Pitre*, 960 F.2d 1112, 1126–27 (2d Cir.1992).

■ On December 8, 1992, Edwin Pitre filed a § 2255 petition to modify his sentence. In his petition, he raises the same issues that the Court of Appeals specifically rejected on his appeal. Pitre has also submitted two documents to refute the government's similar act evidence.

## DISCUSSION

It is settled that "section 2255 may not be employed to relitigate questions which were raised and considered on direct appeal." *Barton v. United States*, 791 F.2d 265, 267 (2d Cir.1986); *see also United States v. Jones*, 918 F.2d 9, 10 (2d Cir.1990); *Giacalone v. United States*, 739 F.2d 40, 42 (2d Cir.1984).

The Court of Appeals rejected as meritless the very claims that Edwin Pitre makes here, holding that the similar act evidence was properly admitted at petitioner's trial. *United States v. Pitre*, *supra*, 960 F.2d at 1119. Moreover, in discussing both Edwin Pitre's challenge to the similar act evidence and the sufficiency of the proof, the Court emphatically dismissed his contention that he was merely present at the crime scene. Rather, the Court concluded that the evidence was sufficient to demonstrate that Edwin Pitre acted as a look-out during the narcotics transaction. *Id.* at 1121–22.

Edwin Pitre also repeats here the assertion, made and rejected in the Court of Appeals, that he was not more culpable than his co-defendants, Joseph Pitre and Angel Otero, and therefore should have received the same three-point reduction under the Sentencing Guidelines for his role in the offense. With respect to this claim, the Court held that the district court was not clearly erroneous in finding that Edwin Pitre was not a minimal participant in light of trial testimony that he had acted as a look-out during the transaction for which he was arrested, as well as at two previous transactions. *Id.* at 1127.

■ Finally, the documents Pitre has proffered to bolster his claim that Lin fabricated the similar act testimony are unavailing.

---

**2.** Judge of the United States Court of International Trade, sitting by designation.

The first document is a November 1992 letter from a travel agency, stating that on January 12, 1989, Pitre bought airline tickets for himself, his wife and his daughter for a flight that same day from San Juan, Puerto Rico to New York. *See* Elizabeth Glazer Affirmation, April 1, 1993 ("Glazer Aff."), Ex. B. The second document is a contract of sale which states that Edwin Pitre appeared before a notary and lawyer in Puerto Rico on June 25, 1988 in relation to a real estate transaction. *See* Glazer Aff.Ex.C. Pitre contends that these documents prove that he could not have been present at the heroin deals in the late summer of 1988 as Wai Yip Lin testified.[3] Trial Tr. at 312–21.

Putting aside Pitre's failure to explain why he did not offer this evidence during his June 1990 trial, these documents still do not support his contention. Pitre's presence at a real estate transaction in June 1988 would not have prevented his participation in a heroin deal in the late summer, *e.g.*, August or September of 1988, as Lin testified. The same is true with respect to the airline tickets purchased for a January 12, 1989 flight from Puerto Rico to New York. Pitre contends that these tickets prove that he was in Puerto Rico until January 12, 1989. Assuming, *arguendo*, that Pitre was actually on the January 12 flight for which he purchased the tickets, this does not negate the possibility that he had returned to New York several months earlier. In short, this evidence does not support any rational inference that Edwin Pitre could not have participated in a drug transaction in the late summer of 1988, especially since his wife testified at trial that he accompanied her back to New York from Puerto Rico on September 5 or 6, 1988. Trial Tr. at 494.

## CONCLUSION

For the reasons stated above, the Clerk of the Court is directed to dismiss the petition and close the above-captioned action.

It is **SO ORDERED.**

---

3. Wai Yip Lin was one of the defendants in the original three-count indictment.